## No. 9692.

### BOWER v. POUND.

1. EQUITY—*Laches.*  The failure to prosecute diligently a suit seasonably begun is laches.  Especially where during the delay the property has greatly increased in value.

Improvements made by defendant during the delay afford an additional reason to deny the relief demanded.

2. PRACTICE IN ERROR—*Judgment.*  The party successful below appearing by the record not entitled to any relief, the judgment was reversed and the lower court directed to dismiss the action.

*Error to Sedgwick District Court, Hon. L. C. Stephenson,*
*Judge.*

Messrs. MUNSON & MUNSON, for plaintiff in error.

Messrs. ALLEN, WEBSTER & DRATH, for defendant in
error.

Mr. Justice Allen delivered the opinion of the Court:

THIS is an action which, as between the parties in in-
terest upon this review, is a suit for the specific perform-
ance of a contract for the sale of certain real estate. The
relief is sought by the vendee against the vendor. The
contract is in writing, and is dated and reads as follows:

"Julesburg, Colo., Feb. 19, 1908.

"Received of William H. Pound the sum of One Hun-
dred Dollars ($100.00) as part payment for the purchase
of the following described real estate to-wit: Lot 5, in
Blakesley's Subdivision of Lots 1 and 2, in Block 11, in
the Original Town of Denver Junction, now Julesburg, in
Sedgwick County, Colorado, the said lot the said William
T. Bower has this day sold to William H. Pound. The
entire price to be paid by William H. Pound to William
T. Bower for said above described lot is Two Thousand
Dollars, and is to be paid as follows: One hundred dol-
lars cash paid at the time of the signing of this agree-
ment or memorandum, and the balance is to be paid at the
time the deed is delivered. The title to the said lot to be
perfect, and the deed above mentioned is to be a good and
sufficient warranty deed, to be signed and acknowledged by
William T. Bower and his wife and delivered to William
H. Pound, his heirs or assigns, on or before March 19,
1908. The said William T. Bower is to furnish abstract
of title to said lot, showing the title to said lot to be clear
and perfect, and is to be furnished at least ten days be-
fore said deed is delivered. If title is not perfect, said
Bower shall perfect title within thirty days from this
date.

"WITNESS our hands and seals this 19th day of February, A. D. 1908.

W. T. BOWER,

WILLIAM H. POUND,

"In presence of L. H. Eversman."

Shortly after this contract was made, Bower submitted to Pound an abstract of title, and Pound found or regarded the title as being imperfect. Thereafter, and on July 31, 1909, W. T. Bower commenced an action to quiet title to the land in question. The complaint named W. H. Pound as one of the defendants. It appears to be assumed, on both sides, that on November 12, 1909, the plaintiff obtained a decree quieting his title to the lot as against all of the defendants, named in the complaint, other than W. H. Pound.

In the above mentioned action to quiet title, the defendant Pound, on September 17, 1909, filed a cross-complaint. In this was set up the contract hereinbefore quoted, and a specific performance of the same was prayed. It was also alleged that plaintiff's title was not perfect; that the plaintiff brought the action for the purpose of making the title perfect, and that the defendant Pound is willing to accept the title when it is made perfect by this action. The answer and cross-complaint further alleged the removal by plaintiff of certain improvements upon the lot, and sought a deduction from the purchase price by reason thereof.

On November 12, 1909, the plaintiff filed a reply to the answer and cross-complaint, admitting the execution of the contract, but denying other allegations.

At the time that the case was disposed of as to other defendants, on November 12, 1909, nothing was done as to the determination of the issues between the plaintiff and the defendant Pound. The cause was retired from the docket. In 1919, the case was re-docketed, on motion of the defendant Pound. Thereafter, and on June 5, 1919, the plaintiff filed a further pleading, in which he set up the defense of laches to Pound's cross-complaint for specific performance.

On July 10, 1919, upon trial to the court, a decree was rendered in favor of the defendant Pound, granting specific performance as prayed for in his cross-complaint. The plaintiff brings the cause here for review.

The principal contention of the plaintiff in error, plaintiff below, is that the record shows such laches on the part of the defendant Pound as precludes him from the right to the remedy of specific performance, which he seeks in his cross-complaint.

While the defendant Pound filed his cross-complaint in apt time, yet after the case was retired from the docket, he allowed the suit to remain in abeyance, and did not move to re-docket the same, for a period of over nine years, which was over eleven years after the contract was made. Laches may consist in a failure to prosecute with diligence the suit for specific performance, although the suit may have been seasonably begun. 36 Cyc. 724; *Grant v. Elder,* 64 Colo. 104, 170 Pac. 198, 205; *Hagerman v. Bates,* 5 Colo. App. 391, 38 Pac. 1100; *Johnston v. Standard Mining Co.,* 148 U. S. 360, 13 Sup. Ct. 585, 37 L. Ed. 480.

It was shown at the trial, by a clear preponderance of the evidence, that the property greatly increased in value during the time the defendant Pound, the purchaser, delayed in prosecuting his cross-complaint. There was testimony that the lot more than doubled in value. Such circumstances render the delay prejudicial to the vendor, and fatal to the purchaser's suit for specific performance. 36 Cyc. 726.

It is undisputed that during Pound's delay, the vendor, Bower, placed improvements on the lot. Bower testified that he expended $800 upon the premises. It was evidently done, as he testified, in reliance on Pound's supposed abandonment of the contract. These are further circumstances tending to prove Bower's charge of laches against Pound. 36 Cyc. 725.

The record shows no circumstances sufficient to excuse Pound's laches. The vendor, Bower, remained in the pos-

session of the property. He did nothing recognizing the contract as still subsisting.

The record clearly shows such a delay, and such circumstances attending the same, as is fatal to Pound's claim to the right to specific performance. It is within the power of a court, upon review, to dismiss a suit for specific performance upon the ground of laches. *Hughes v. Leonard*, 66 Colo. 500, 181 Pac. 200. For the reasons hereinabove indicated, we are of the opinion that the defendant Pound's cross-complaint should be dismissed.

Other questions are presented in the briefs, but our determination of the same does not, or would not affect the result, and no opinion need be expressed thereon. The judgment is reversed and the cause remanded with directions to dismiss the cross-complaint.

*Reversed and remanded.*

Chief Justice Garrigues and Mr. Justice Bailey concur.